Judge Buckner,
delivered the opinion of the court.
On the 3d of April, 1822, an execution issued from the office of the clerk of the Jefferson rir- *44 cuii court, in the name of Churchill, against William Lampton and George Camden, returnable to May, 1822. It was placed in the hands of John H. Miller, as deputy for Jones, then the sheriff of Jefferson county, who returned, that he was ready to satisfy $94 94 cents, to Churchill, plaintiffin said'execution, being the balance due thereon.
Churchill moved against Jones, the high sheriff, and' his sureties, on account of a failure to pay to him the amount so made, and recovered judgment therefor, with fifteen per cent, and interest and costs.
Jones then filed this bill, and obtained an injunction, against said judgment, alleging that the money had been paid to said Miller, and by him receipted for,, whilst he was acting as deputy for A«. Steele, former sheriff of that counly, and long before the execution aforesaid came to his hands, as the deputy of the complainant, assigning as a reason, why he had not defended the motion, that he was ignorant of the fact aforesaid,. until after the judgment against him; hut that it was known to Churchill, who concealed it from him.
He filed a copy ofaaiEpeipt,.which is in the following ™rds:
“Received, heretofore,"of William Lampton, the full amount of-his revenue and county l§vy- tax, for the years 1818 and 1819,- and also; sttfccky fee bills against him.. Also the full' amount of the balance of an execution issued from the clerk’s office of the Jefferson circuit court, in the name of Henry Churchill against said Lampton, &c. 22d January, 1820.
John H. Miller, d. s. for A. Steele, s. j. c.”
Churchill, in his answer, insists, that, the pjaintifi',. Jones, was apprised of the matter charged, previous to the trial of the motion. He admits that Miller was at a former period, the deputy of Steele; hut does, not admit, that he had collected as such, thé money; for the non-payment of which he had obtained "the 'judgment, enjoined, and requires proof'of the fact, if it exits. He says, that previous to the motion, on which he recovered judgment, and while Miller had bis execution in hand as deputy of Jones, Lampton, the defendant iii the execution, informed him, Churchill, that he had formerly sold a negro to Miller, who had agreed that *45 the amount due on said execution, and some other claims should be settled out of the proceeds .of the sale, and had executed to him, a receipt, evidencing the-fact. This information, he says, he imparted to Jones before the trial of the motion.- 'On application to Miller, on the subject, he denied that the execution had been satisfied.
Proofto in_ validate the return of a de-. thereby to exonerate the principal sherifffrom responsibility, sat isfectory.
He rélies, therefore, on the ground, that' the statements of the bill are untrue, and if true, that Jones hada full opportunity of defence at law, if, indeed,a purchase by a sheriff of property, from a defendant in an execution, with an agreement to satisfy such execution, would amount to an -available defence, which he denies.
The circuit court dissolved the injunction with dama-. ges, and dismissed the bill with costs; and Jones prosecutes this writ of error to reverse the decree.
It is not necessary to the decision of this case, to determine, whether the principal is estopped to deny the truth of the return made by his deputy, as the proof in the cause, is by no means sufficient to sustain the allegations of the. bill. The return was made by the deputy, in obedience .to the mandate of the execution, and if its truth be properly, the subject of enquiry and disproof, in a case like this; the proof on which it should be pro-, nounced untrue, for the purpose of exonerating the principal, ought to be clear and satisfactory. '
The record does not show when Steele’s time, as sheriff expired, or that of Jones’ commenced, nor does it appear, that at the time, the receipt was executed; Miller had an execution in favor of Churchill against Lampton, in his hands.
The depositions of two witnesses only were taken in the cause. One proves nothing of consequence. That of Lampton was taken three times, and his statements, if not contradictory, are inconclusive, and by no means, such as would authorize a decree' in favor of the plaintiff in error.
In his first, he says, that the payment for which the receipt was taken, was made in the latter end of October, or in the early part of November, 1819; and that he had not paid one cent on Churchill’s execution to Miller, as deputy of Jones.
Crittenden, for plaintiff; Denny, for defendant.
In his second, he says, he paid no money to Miller aa the foundation of the receipt, but delivered to him a . negro hoy, on which no execution had been levied, but which one Tyler afterwards purchased, and the proceeds of the sale were paid to Miller, as Tyler informed him. That was the basis of the receipt. From his statements, in this deposition, it appears that as late as the 26th of October, 1819, the execution in favor of Churchill was not satisfied, and that after that day, his, (Lampion’s) property was advertised for sale under said execution. The receipt, which bears date 22d of January, 182J, was executed about ten days after the last day of sale was appointed. If the money was paid In October, or November, 1819,in discharge of the execution, why should the deputy sheriff, Miller, appoint a day to sell the property levied upon in virtue of it, upwards of two months after it had been fully satisfied..
The witness moreover states, that on the day so appointed, he attended with a wagon to deliver to the deputy, tobe sold, in lieu of the property advertised, but no sale was made, Miller having failed to attend. It is not probable that he would be willing to have his property exposed to sale, under an execution which he had satisfied.
In his third deposition, he speaks hesitatively as to the time when the money was paid. He says he believes it was before the return day of the execution. When interrogated to know if the receipt had not been executed in part, of the price of a slave sold by him to Miller, he refused to answer. Upon such proof,it would have been improper to perpetuate the injunction. The statements of Lompton cannot, under the aspect in which they are exhibited, outweigh the return of the deputy, made also, under the sanction of an oath. If Jones has been injured by false return of his deputy', the law will afford to him an ample remedy against him, and to that he must, look for redress.
The decree of the circuit court must be affirmed with costs and damages.